*The final accounting in* SOLOMON HART's *Estate.*

PAYMENT of a note held to have been properly made within this State, although secured by a mortgage elsewhere. The real estate mortgaged must, however, be relieved of the lien.

THE SURROGATE. Solomon Hart died in the State of Kentucky, leaving assets in the county and State of New York. Benjamin Hart, a nephew of the intestate, was appointed his administrator here by me. Benjamin Hart also received a power of attorney from the next of kin of the intestate residing abroad.

The inventory of the intestate shows that there was a large amount of personal property in this State. The

final account of the administrator shows that there is yet a large surplus, after payment of debts, for distribution.

Among the claims presented here against the estate of the intestate, was one by the executrix of Michael Hart (who in his life time was the father of Benjamin Hart, this administrator), for the amount due on a promissory note, dated Richmond, February, 1852, payable to Michael Hart, or order, eight months after date, at the Bank of Kentucky, for $4,500. The administrator, Benjamin Hart, paid this note, to which act objection is made by the other next of kin.

An auditor having been appointed, it appeared before him that the note had been secured by a mortgage of the same date, upon land of which the intestate was then seised, in the State of Kentucky. It did not appear whether the security was good for the amount due. It was alleged that the intestate was an alien, and that his realty had escheated; but of this there was no evidence, nor, in my opinion, was it a material fact in the case. The auditor reports that the payment of the note was properly made by the administrator, and there can be no doubt that he is correct.

Where a debtor dies out of this State, leaving assets here which are administered upon here, these assets are liable in the first instance to his creditors here. (*Peterson* v. *Chemical Bank*, 29 *How. Pr. Rep., p.* 240.) And this liability or preference is not affected by the fact that the contract is made, or is to be performed, in a foreign country, or by the fact that the creditor has his remedy elsewhere. (*Harison* v. *Sterry*, 5 *Cr. S. C. Rep., pp.* 289, 299; See *Holmes* v. *Remsen*, 20 *John.*, 229.) That this debt was due is not denied or contested; the note was here, the executrix of the payee was here, the administrator of the maker was here; and the payment was properly made here.

It is but just, however, that the real estate which was of the intestate, in Kentucky, should be relieved of the

lien of the mortgage made to secure this note. I shall therefore direct, as a condition of allowing this voucher to the administrator, that he procure such a satisfaction piece as may be necessary under the laws of Kentucky, to be made by such a representative of Michael Hart's estate as the laws of Kentucky may recognize for that purpose, and file the same in the proper office of record there.